# McGonnell v. Pittsburgh Railways Company, Appellant.

*Appeals—Assignments of error—Charge—Inadequacy of.*

1. Where an appellant assigns an entire charge as inadequate, he should indicate in his specifications of error wherein it is deficient, so that attention may be directed to the particular points he desires to make.

2. Where in an accident case the testimony of medical experts is conflicting, it is the duty of the trial judge to call the jury's attention to such conflict of testimony and to instruct them to reconcile the contradictions, and as to what was their duty if they could not do so.

*Negligence—Damages—Compensation for delay.*

3. In a personal injury case the damages are assessed as of the date of the trial, and not of the injury; hence there can be no general compensation for delay; and such compensation can never be at a higher rate than 6 per cent.

4. In such a case it is error for the trial judge to say to the jury that the plaintiff was entitled to "compensation by way of damages for delay," and that "it might be less than 6 per cent.; it might be any per cent. the jury would say was right."

*Negligence—Damages—Earning power.*

5. In a personal injury case, testimony showing wages paid to a servant employed to perform necessary work for plaintiff, which before her injury she did herself, is always admissible; and proof relied upon to show diminution of earning power need not be clear and indubitable.

Argued Oct. 31, 1911. Appeals, Nos. 151 and 152, Oct. T., 1911, by defendant from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1907, No. 176, on verdict for plaintiff in case of Mary McGonnell and Mary McGonnell, Executrix of the Estate of John McGonnell, deceased v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial the plaintiff was permitted under objection and exception to prove her loss of earning power by showing that she had to employ more servants after her accident than before, inasmuch as she was not able to do a certain amount of work in her occupation as a keeper of a hotel or boarding house. (1)

The court charged in part as follows:

["She is capable of earning, and she does not claim she is not, but she says she cannot do certain things that she used to do before, and that she is obliged to hire help. As throwing some light upon the value of her services, which she claims to have lost, she was permitted to testify to the value of the service of servants who had supplied her place. Now that is not the measure, what she has to pay some one, but it is evidence for you to take into consideration, if you find a verdict here, in arriving at the value of her labor. Whether that would be the full amount, or less, depends on how much of her service was lost, and as I say, I do not think she lost all of her service by any means.] (2)

["The verdict is always the present value, so far as the future losses are concerned, and you know perfectly well that it is worth more to a man to get one hundred dollars to-day than it is to get a dollar a day for one hundred days. That is a matter that always must be considered, and where money has been due for some time the jury may add, for its retention, compensation by way of damages for the delay, not interest as such. Perhaps several of you were on the jury the other day where the verdict said "and interest," and I was obliged to have that word "interest" changed. If it happened to have said "damages at so much per cent.," I guess it would have been all right. It might be less than six per cent.; it might be any per cent. that the jury would say was right. While six per cent. is the legal rate, money is sometimes not worth six per cent.

You cannot always get it in any safe investment. For that reason the law allows the jury to fix it.] (4)

Verdict and judgment for Estate of John McGonnell for $500, and for Mary McGonnell for $6,000. Defendant appealed.

*Errors assigned* were (1) ruling on evidence quoting the bill of exceptions; (2, 4) above instructions quoting them and (3) that the charge of the court was inadequate.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—It is the duty of the lower Court to direct the jury's attention to the conflict and tenor of the testimony of experts without specific request for instruction: Davies v. Transit Co., 228 Pa. 176. The Court below committed error when it instructed the jury, in substance, that they could allow additional damages for delay in payment: Plymouth Twp. v. Graver, 125 Pa. 24; Emerson v. Schoonmaker, 135 Pa. 437; Richards v. Gas Co., 130 Pa. 37; Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306.

*Rody P. Marshall,* with him *Thomas M. Marshall,* for appellee, cited as to evidence of earning power, Buck v. McKeesport, 223 Pa. 211; Wilson v. Railway Co., 34 Pa. Super. Ct. 504; Simpson v. Penna. R. R. Co., 210 Pa. 101; Olin v. Bradford, 24 Pa. Super. Ct. 7; Willis v. Traction Co., 189 Pa. 430.

Cited as to the insufficiency of the charge: Davies v. Rapid Transit Co., 228 Pa. 176; Brauschweiger v. Waits, 179 Pa. 47; Benson v. Electric Ry. Co., 228 Pa. 290; Fitzpatrick v. Traction Co., 206 Pa. 335; Medis v. Bentley, 216 Pa. 324.

Cited as to the allowance for detention: Connor v. Traction Co., 173 Pa. 602; Reece v. Rodgers, 40 Pa. Super. Ct. 171; Plymouth Twp. v. Graver, 125 Pa. 24; Richards v. Gas Co., 130 Pa. 37; Provident Life &

Trust Co. v. Philadelphia, 202 Pa. 78; Irwin v. R. R. Co., 226 Pa. 156.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

This was an action brought by John McGonnell and Mary, his wife, to recover for personal injuries to the latter. John died while the suit was pending and it was continued by the widow on her own behalf and as executrix of the estate of her deceased husband. The jury rendered a verdict in the sum of five hundred dollars for the estate of John McGonnell, and one of six thousand dollars for Mary McGonnell; judgments were entered thereon, and the defendant has appealed.

Where the appellant assigns an entire charge as inadequate he should indicate in his specification of error wherein it is deficient, so that attention may be directed to the particular points he desires to make; this course was not pursued in the present case. In his argument, however, the appellant suggests that the charge failed to make any reference to the testimony of the medical experts, and urges that it was the duty of the trial judge to explain the nature of such testimony and the effect which should be given to it; that the jury's attention should have been called to the conflict in the testimony of these experts; that they should have been instructed to reconcile the contradictions, and as to what their duty was in case they could not do so. While these criticisms are justifiable, since no special instructions were requested, we might not reverse on them alone; but as there is at least one other error, which necessitates a retrial, we sustain the third assignment.

Plain error was committed in saying to the jury that the plaintiff was entitled to "compensation by way of damages for delay;" and that "it might be less than six per cent.; it might be any per cent. the jury would say was right * * * ." In a personal injury case

the damages are assessed as of the date of the trial and not of the injury; hence there can be no general compensation for delay: 1 Sedgwick on Damages (8th Ed.) sec. 320; Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306, 317; Richards v. Citizens Natural Gas Co., 130 Pa. 37. Furthermore such compensation can never be at a higher rate than six per cent. The fourth assignment is sustained.

It appears that for some years prior to her injury the plaintiff, Mary McGonnell, had kept a hotel at Atlantic City, New Jersey, and that she has since continued in the same business but changed her location to McKees Rocks, Allegheny County, in this State. While her former place differed from the present one in size and character, the occupation pursued by her is essentially the same. The first assignment complains of evidence introduced to show wages paid by the plaintiff to servants at her new hotel, who were engaged to do work which prior to the accident, at her old place of business, she had been able to accomplish herself. Testimony showing wages paid to a servant employed to perform necessary work for a plaintiff, which before her injury she did herself, is always admissible (Willis v. Traction Co., 189 Pa. 430); and proof relied upon to show diminution of earning power need not be clear and indubitable (Simpson v. Railroad Co., 210 Pa. 101, 104). The testimony called to our attention is so vague and uncertain that no satisfactory conclusion concerning a definite actual loss could be based thereon and it would be of little aid for any purpose; but we see no error in its admission. The only just criticism that can be aimed at the abstract from the charge covered by the second assignment is that, in dealing with this testimony the trial judge failed to call attention to its vague and uncertain quality. Neither of these assignments is sustained.

The judgment is reversed with a venire facias de novo.