# Succop *v.* Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Evidence.*

1. In an action against a railroad company to recover damages for the death of a horse, a verdict and judgment for plaintiff will be sustained where the testimony tends to show that the plaintiff stopped, looked and listened before approaching defendant's tracks at the usual point for such observation, but that the view on that day was somewhat obstructed by freight cars; that before entering on the first track he again looked, but did not see or hear a train approaching around a

curve; that he then passed the first track and had started to cross the second track when he first saw the train; that he then endeavored to back his team, and had so far succeeded that his wagon, himself and one horse had reached a place of safety, but that the rapidity of the train which approached without warning left him no time to get the other horse to a place of safety, and that it was killed.

*Practice, C. P.—Trial—Answer to points.*
2. It is the duty of a trial judge to affirm a specific prayer for instruction that exhibits a correct statement of a legal principle applicable, but it does not follow that this duty can be discharged only by the use of the word "affirmed."

*Negligence—Damages—Compensation for delay.*
3. In personal injury cases damages are assessed as of the date of the trial, and not of the injury. If through a mistake or an error in the charge, the jury is led to depart from this rule and award interest instead of compensation for delay, but the defendant files a remittitur for the sum awarded as interest, the appellate court will not reverse the judgment, but will reduce it by the amount remitted.

Argued May 11, 1914. Appeal, No. 99, April T., 1914, by defendant, from judgment of C. P. Butler Co., March T., 1914, No. 75, on verdict for plaintiff in case of A. E. Succop v. Baltimore & Ohio Railroad Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GALBREATH, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:
[The injury occurred about one year ago, on October 24, 1912, and if you find for the plaintiff, whatever damage he was entitled to he was entitled to as of that date, because he met his loss at that time. It has not yet been paid him, and in addition to the actual value of the property destroyed, you would find an additional amount which would compensate him for the detention

of the damages from then until now.  Our higher courts have said that you cannot compute it as interest, but have said it cannot exceed six per cent for that time.  So that we come pretty nearly to the same thing, but it is not interest.  It is additional damage growing out of the detention of the damage from the time it occurred until the time of trial.  So that if you find for the plaintiff, you find for the value of the property destroyed or lost and such additional amount as will compensate him for the detention from that time until now, not exceeding six per cent.] [6]

Defendant presented these points:

1. That it is the duty of the plaintiff seeking to recover, when the gravamen of the action is the alleged negligence of the defendant, to show a case clear of contributory negligence on his part.  *Answer:* In order to recover it is incumbent on the plaintiff to show negligence on part of the defendant, causing the accident.  If the evidence offered on part of the plaintiff or the evidence as a whole discloses that the plaintiff's driver, Anderson, was guilty of negligence, which contributed to the accident, in any degree, he cannot recover.  In this connection the jury will remember what I have just said in regard to the burden of proving contributory negligence. [1]

3. That the burden of proof is upon the plaintiff to satisfy the jury by the weight of the credible evidence in the case, not only that the defendant company was guilty of negligence in failing to give warning by its bell and whistle when approaching the crossing in question, but also that the driver of the plaintiff's team was entirely free from negligence on his part, and if the jury find from the evidence in the case, that the defendant company was not negligent, or that the driver of the plaintiff's team was himself negligent, the verdict must be for the defendant.  *Answer:* This is affirmed with the qualification that it is not incumbent on the plaintiff to show by affirmative proof, offered for the

purpose, that there was no negligence on part of himself, or his driver, Anderson.   In order to recover, however, the testimony on part of plaintiff, must not only show the negligence of the defendant, but it must not disclose negligence on part of the plaintiff, that is, on part of his driver. [2]

Verdict and judgment for plaintiff for $716.13.   Defendant appealed.

*Errors assigned* were (1, 2–6) above instructions, quoting them.

*R. P. Scott*, for appellant.

*John H. Jackson*, of *Jackson & Troutman*, with him *John D. Evans*, for appellee.

OPINION BY HEAD, J., July 15, 1914:

It cannot be urged the plaintiff's testimony disclosed any flat violation by him of the imperative rule of law which requires a traveler to stop, look and listen before attempting to enter upon a grade crossing over the tracks of a steam railroad.   There is evidence, practically undisputed, the plaintiff did stop, look and listen, and still further that the point at which he stopped was the place usually selected by travelers in the discharge of the duty imposed by the rule.   Ordinarily then that rule of law would interpose no barrier to the plaintiff's recovery.   But it is urged that on the day of this accident the view of the west-bound track, usually to be had from that point, was in part obstructed by the presence of some freight cars standing on a siding. The real question in the case therefore is, was the act of the plaintiff in stopping at that point a discharge of his legal duty to observe due care under the circumstances?   Many cases have held that such question, except perhaps in extremely rare instances, is a mixed one of law and fact to be resolved by the jury.

The plaintiff further testifies that before entering on the east-bound track, which he reached first and where he could see to the curve, he again looked eastward and could see and hear no approaching train west bound. He then started his team with his loaded wagon to go over the crossing. He passed the east-bound track in safety and had started to cross the west-bound track when his attention was directed to a rapidly approaching train. He endeavored to back his team from that track and had so far succeeded that his wagon, himself and one horse had reached a place of safety, but the rapidity with which the train approached without giving, as he declares, any warning by bell or whistle, left him no time to get the other horse to a place of safety and it was killed. The learned judge below, in the opinion refusing a new trial, adverts to the evidence tending to establish these facts and cites some of the many, cases which declare that under such circumstances there is a question of fact to be answered by the jury. There was no error therefore in the refusal of the learned judge below to direct a verdict for the defendant or enter judgment in its favor non obstante veredicto.

In cases of this character the plaintiff has the burden of proving by evidence that the injury complained of resulted from some negligent act or omission on the part of the defendant. There is no burden on him to prove the negative proposition that he himself committed no act of negligence. It is quite sufficient, both on reason and authority, if in discharging his own burden his proof discloses no act of contributing negligence on his own part. The answer of the trial judge to the plaintiff's third point was entirely correct, and the defendant has no ground of complaint by reason of it. The second assignment is dismissed.

We can discover nothing in the answer to the first point to warrant the conclusion that the trial judge, by the form of his answer, deprived the defendant of

any benefit that would accrue from the simple affirm-
ance of it by the use of a single word.  It is the duty of
a trial judge to affirm a specific prayer for instruction
that exhibits a correct statement of a legal principle
applicable, but it does not follow this duty can be dis-
charged only by the use of the word "affirmed."

Under the late decisions the portion of the charge
which is the subject of the sixth assignment cannot be
said to be an accurate statement of the law.  It was
pointed out by Mr. Justice MOSCHZISKER in McGonnell
v. Pittsburg Railways Co., 234 Pa. 396, that in personal
injury cases damages are assessed as of the date of
the trial and not of the injury.  Compensation for de-
lay therefore is no necessary incident to such recovery.
If the circumstances be such that the jury may justly
attribute the delay to the defendant, then they are at
liberty to award additional damages by way of com-
pensation for that delay; such damages, however, in no
case to exceed a sum equivalent to interest at six per
cent on the sum awarded because of the injury com-
plained of.  Whilst we must agree that the charge was
technically erroneous in this respect, it does not follow
such error can be corrected only by another trial.  In
the present case the plaintiff has filed a stipulation in
this court agreeing to remit the sum of $42.67, which
will effectually relieve the defendant from any possible
injury it could have suffered by the instruction of the
learned judge complained of.

We accordingly modify the judgment by reducing it
to the sum of $667, and as thus modified it is affirmed.