# Perillo *v.* Philadelphia Rapid Transit Company, Appellant.

*Trespass—Personal injuries—Damages—Loss of earning power—Proof.*

In an action of trespass to recover damages for personal injuries, resulting from being thrown to the floor of a street car when it left the track, defendant admitted liability. There was evidence that plaintiff ran two barber shops and that as a result of his injuries he was required to employ another, at a fixed wage, to perform his work for him.

Under such circumstances the evidence was sufficient to take the case to the jury on the question of the dimunition of plaintiff's earning power.

One who as a result of an injury is compelled to employ another to do his work for him is entitled to damages resultant from such expense.

Proof relied upon to show diminution of earning power need not be clear and indubitable.

Argued October 7, 1926. Appeal No. 33, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, December T., 1923, No. 1313, in the case of Vincent Perillo v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

462 COMMONWEALTH *v.* FAULKNIER et al., Appel.

Assignment of Error—Opinion of the Court. [89 Pa. Superior Ct.

Verdict for plaintiff in the sum of $1,000 and judgment thereon. Defendant appealed.

*Errors assigned,* were to the refusal of defendant's point for charge, the charge of the court and the refusal of defendant's motion for a new trial.

*Jay B. Leopold,* for appellant.

*Graham, Garaguso & Foley,* for appellee.

OPINION BY TREXLER, J., December 10, 1926:

The plaintiff, a man of sixty-four years of age, was riding on a trolley car owned by the defendant. The trolley car for some cause or other left the track and the plaintiff was thrown to the floor and claimed an injury to his left knee as the result thereof.

The company admitted liability and the only matter submitted to the jury was the amount of the damages to which the plaintiff was entitled. We are asked to decide whether the plaintiff has offered sufficient evidence to show loss of earning power. The verdict in the case was a thousand dollars. The plaintiff testified that he received a certain amount of profit by his business, that he ran two barber shops, but he could not tell how much loss he had after the accident as his wife attended to the books. The court, therefore, excluded from the jury the question as to the net loss sustained in his business as too problematical. He did submit in a general way to the jury that they should find what losses he had in addition to the doctor's bill, and this the appellant contends was error.

The plaintiff testified as follows: "After this accident, did you hire a barber? A. I was obliged to. Q. How much did you pay for this barber? A. Thirty dollars per week. Q. Why did you hire this other barber? A. On account of my absence. Q. Was it necessary to have this barber there in your barber

shop? A. By force it was necessary." This testimony was admitted, although objected to, and we think its admission was proper. It was decided in Aurelia E. Willis v. Second Avenue Traction Company, 189 Pa., 430, that "a person who, as a result of an injury, is compelled to employ a servant to do her household work is entitled to damages for the expense of keeping such servant." In McGonnell v. Pittsburgh Railways Company, 234 Pa., 396, 400, the same proposition is approved and it is further stated "proof relied upon to show diminution of earning power need not be clear and indubitable," citing Simpson v. Railroad Co., 210 Pa., 101, 104. See Robb v. Niles-Bement Pond Co., 269 Pa. 298.

The court, therefore, could not very well sustain the point submitted by the defendant that "under all the evidence in this case, you must award no money damages to plaintiff for any loss of earnings." Had the point been confined to the net losses resulting from the operation of plaintiff's business, the court would have been in duty bound to affirm it, but the fact that the plaintiff was required to hire someone to take his place at a fixed wage, the reasonableness of which, as to amount, is not questioned, furnished a legitimate proof of loss.

This disposes of the only question raised on the appeal. The judgment is affirmed.