Thomas G. **GRADLER**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY**

v.

**TRAVELERS INSURANCE COMPANY.**

Civ. A. No. 77–152 Erie.

United States District Court, W. D. Pennsylvania.

Jan. 4, 1979.

---

W. Gustave McGeorge, Erie, Pa., for plaintiff.

John M. Wolford, Erie, Pa., for defendant.

James D. McDonald, Erie, Pa., for third-party defendant.

## MEMORANDUM OPINION

KNOX, District Judge.

Plaintiff, Thomas G. Gradler, brought an action against defendant, Prudential Property and Casualty Insurance Company (Prudential) claiming entitlement to insurance benefits under a policy issued to plaintiff's mother and covered for liability purposes under the Pennsylvania No-Fault Insurance Act (Act), 40 P.S. § 1009.101 et seq. Defendant answered by generally denying liability and filed a third party complaint against Travelers Insurance Company (Travelers) alleging that Travelers was the proper carrier on the loss under a policy covering the vehicle in which the plaintiff was injured. Travelers answered by denying that its policy provided the applicable security. Plaintiff subsequently amended his complaint by alleging that Prudential or, in the alternative, Travelers was liable for plaintiff's injuries under the priority system set forth in § 204(a) of the Act.

Federal jurisdiction in this court is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of Erie County, Pennsylvania, Prudential's state of incorporation and principal place of business is New Jersey and Travelers' state of incorporation and principal place of business is Connecticut.

The parties have agreed to all the evidentiary material relevant and have submitted the issue for trial by the court. *Drake v. Donegal Mutual Insurance Co.,* 422 F.Supp. 272 (W.D.Pa.1976). The question of law to be decided is whether plaintiff was injured "while occupying a vehicle furnished by his employer" under the Travelers policy and § 204(a)(1) of the Act.

The record in this case contains the following facts. Gerald J. Lutz, the President of Lutz Builders, Inc., provided plaintiff with the use of a 1962 Chevrolet truck for transportation to and from the Professional Building in Erie, Pennsylvania, the principal place of business of Lutz Builders, Inc. (Lutz Depo. at 25, 27, 28; Gradler Depo. at 5). Plaintiff was a passenger and Robert Vantrone was the operator of the truck at the time of the accident. Lutz did not know Vantrone and had not authorized any other person to drive the truck. (Lutz Depo. at 28, 30; Gradler Depo. at 22). The accident occurred on Route 8, south of Union City, on Sunday, June 12, 1977, at approximately 2:00 a. m. when plaintiff and Vantrone were returning from a party in the vicinity of Canadohta Lake. Plaintiff had the use of the vehicle for one year and a half prior to date of the accident. (Gradler Depo. at 6).

Lutz and his wife were the named insureds of the truck under a policy issued by Travelers, policy number 009906406 101 1. (Lutz Depo. at 27). Lutz testified that he owned the truck and that the corporation did not own any vehicles at the time of the accident. (Lutz Depo. at 38). Lutz stated that he bought the truck for the primary purpose of hauling cement and other materials to his cottage in North East, Pennsylvania, where he was digging a basement. (Lutz Depo. at 35). After he had completed the basement project and prior to the time of the accident Lutz advertised the truck for sale. (Lutz Depo. at 36).

The truck was used occasionally to pick up materials and supplies for Lutz Builders, Inc., including drywall, lumber, and steel studs. (Lutz Depo. at 33, 39; Gradler Depo. at 18, 19, 20, 21, 41–42). Some of these materials could not be transported by automobile. (Gradler Depo. at 41–42). Most of the supplies were delivered directly to the Professional Building. (Lutz Depo. at 39). The truck was parked in the parking lot of the Professional Building when it was not being used. (Lutz Depo. at 35; Gradler Depo. at 19, 20). Tool boxes were mounted on the sides of the truck by some of the employees of Lutz Builders, Inc. (Gradler Depo. at 42–43). Most of the tools in the tool boxes were owned by the plaintiff. (Gradler Depo. at 42). A sander belonging to the company was taken from the vehicle shortly after the accident. (Lutz Depo. at 39).

Plaintiff's paychecks were issued by Lutz Builders, Inc. (Gradler Depo. at 12, 13, 19). Lutz, the president of the corporation, is also a fifty per cent shareholder. (Lutz Depo. at 27, 35). At the time of the accident the corporation did not have its own phone number or listing and calls were placed and received under the phone number of Gerald J. Lutz. (Lutz Depo. at 27–28). Lutz physically directed the work of the employees of the corporation. (Lutz Depo. at 27; Gradler Depo. at 20). Lutz paid for the maintenance and state inspection of the truck. (Gradler at 15).

At the time of the accident plaintiff lived at home with his parents (Gradler Depo. at 3) and was an "insured" under a policy issued by Prudential to plaintiff's mother, Eileen R. Gradler, policy number 28–2 A 194914, under § 204(a)(2) of the Act, as explained below.

§ 204(a) of the Act establishes categories and priorities as between insurers responsible for the payment of insurance benefits. § 204(a) provides, in part:

(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim; (2) an insured is the security under which the victim or deceased victim is insured;

.　.　.　.　.

40 P.S. § 1009.204. Subparagraph (1) puts such responsibility on the insurer of a motor vehicle of an employee when the victim is an employee or a member of his family who is using the car at the time of the accident. If a claimant carries insurance, subparagraph (2) directs that the claim must be presented to that insurer. *Schimmelbusch v. Royal Globe Insurance Co.*, 247 Pa.Super. 28, 371 A.2d 1021 (1977). Under the priority system, if plaintiff is not covered by the Travelers policy under subparagraph (1), Prudential is liable under the policy issued to Eileen Gradler, under subparagraph (2).

■ Liability under subparagraph (1) turns on whether the truck was "furnished by plaintiff's employer." The relation of employer and employee exists when a party has the right to select the employee, the power to discharge him, and the right to direct both the work done and the manner in which such work shall be done. The duty to pay an employee's salary is often coincident with the status of employer, but not solely determinative of that status. *Sweet v. Pennsylvania Labor Relations Board, County of Washington*, 457 Pa. 456, 322 A.2d 362 (1974); *Tarboro v. Reading Co.*, 396 F.2d 941 (3d Cir. 1968), cert. denied, 393 U.S. 1027, 89 S.Ct. 637, 21 L.Ed.2d 569 (1969).

■ The determination of the employment status is a matter of fact in each case and must be determined by the peculiar circumstances of the individual situation. *Sweet v. Pa. Labor Rel. Bd., supra.*

■ Prudential contends that plaintiff is entitled to § 204(a)(1) restoration benefits because the truck was "furnished" plaintiff by Lutz or Lutz Builders, Inc., "employers" of the plaintiff, under the Act. Travelers contends that plaintiff was employed by the corporation, an entity separate and distinct from Gerald J. Lutz, the owner of the truck, and that Lutz loaned the vehicle to the plaintiff for transportation to and from work, and that accordingly, the vehicle was not "furnished" by plaintiff's employer.

We have concluded that Lutz, in his capacity as president of Lutz Builders, Inc. and supervisor of its employees, furnished the vehicle to the plaintiff for his transportation to and from the Professional Building, the corporation's principal place of business. There is ample evidence to support this conclusion. As an agent of the corporation, Lutz supervised the employees and exercised control over their work. Although the vehicle may have been used primarily for Lutz's personal venture, it was used from time to time, at Lutz's direction, to haul materials necessary for the construction and remodeling work of Lutz Builders, Inc. Pursuant to his orders, employees of the corporation installed tool boxes on the sides of the truck and following the accident, a tool belonging to the corporation was found in the vehicle. The truck was parked in the parking lot of the Professional Building when it was not being used and was readily available to the corporation for its use. By furnishing plaintiff with transportation to and from the Professional Building, Lutz, an agent of the corporation, was furthering the interests of Lutz Builders, Inc.

The fact that Lutz owned the vehicle does not affect our conclusion that Lutz, the agent of Lutz Builders, Inc., furnished plaintiff with the vehicle. Although two or three vehicles were used by Lutz Builders, Inc., the corporation did not own a single vehicle at the time of the accident. The word, "furnish," is variously defined as follows: To supply or provide; For use in the accomplishment of a particular purpose;

Implying some active effort to accomplish the designated end. Black's Law Dictionary 804 (4th ed. 1968). Neither the definition of the word, "furnish," nor the statutory language suggests that the employer's ownership of a vehicle bears upon his furnishing an employee with such vehicle.

Travelers next contends that since the use of the vehicle at the time of the accident was unrelated to the business of the corporation plaintiff should be denied relief under § 204(a)(1) of the Act. The evidence clearly shows that plaintiff was using the truck for his own purposes at the time of the accident and that the injury was not an employment related injury. If it were an employment related injury plaintiff would be entitled to relief under the Workmen's Compensation Act. *Turner v. Southeastern Pennsylvania Transportation Authority*, Pa. Super., 389 A.2d 591 (1978). In *Turner* the court held that § 204(a)(1) of the No-Fault Motor Vehicle Insurance Act did not create an exception to the rule that an injured employee's exclusive remedy against his employer is that remedy provided by the Workmen's Compensation Act and, on that basis, denied the claim of the plaintiff, a bus driver who was injured in a collision between a bus and a motor vehicle, against his employer under the No-Fault Act. The court interpreted § 204(a)(1) of the Act as follows:

> This section, we believe, was intended to complement the Workmen's Compensation Act rather than supplant it. We interpret it to apply to situations other than the one where the employee is covered by Workmen's Compensation, such as when an employee or his relatives are injured while driving a vehicle furnished by the employer for their private use.

Pa.Super., 389 A.2d 593.

 We agree with the court's analysis in *Turner v. Southeastern Pennsylvania Transportation Authority*, supra, that § 204(a)(1) of the Act applies only to situations other than one where the employee is covered by workmen's compensation. The language of § 204(a)(1) does not suggest that the legislature intended to create a new right superseding the normal workmen's compensation remedy or an exception to the exclusive remedy rule. 77 P.S. § 481(a).[1] In this case it is apparent that plaintiff sustained an injury unrelated to his employment and is accordingly entitled to relief under § 204(a)(1) of the Act.

For the foregoing reasons defendant Travelers is held liable to the plaintiff under the terms of its policy and § 204(a)(1) of the Act and Prudential must be dismissed as a defendant in this action.

Plaintiff is entitled to recover from the defendant Travelers medical expenses in the amount of $9,117.21 and wage loss benefits commencing June 12, 1977 and terminating on January 4, 1979, based upon plaintiff's prior employment rate of $4.00 per hour, in the amount of $12,928.00, as stipulated by and between counsel for all parties to this action.

Plaintiff's claim for prejudgment interest is denied. The rule in Pennsylvania is that damages in personal injury cases are assessed as of the date of the trial and not of the injury and hence there can be no general compensation for delay. *McGonnell v. Pittsburgh Railways Co.*, 234 Pa. 396, 83 A. 282 (1911).

Plaintiff is entitled to recover from defendant Travelers attorney's fees and costs pursuant to 40 P.S. § 1009.107(1) and is awarded attorney's fees in the amount of $3,275.00 in accordance with the parties' stipulation.

The foregoing contains the findings of fact and conclusions of law as required by Fed.R.Civ.P. 52.

An appropriate order will be entered.

---

1. 77 P.S. § 481(a) provides in part:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin, or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death.