472 A.2d 1138

**Thomas ELLISOR, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY and Fireman's Insurance Company.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1983.

Filed March 2, 1984.

Petition for Allowance of Appeal Granted Aug. 3, 1984.

William C. Passodelis, Pittsburgh, for appellant.

James R. Hartline, Pittsburgh, for appellees.

Before ROWLEY, WIEAND and HESTER, JJ.

HESTER, Judge:

On September 12, 1977, appellant, Thomas Ellisor, was employed by Unity Builders, Inc. (hereinafter "Unity") as a carpenter. On that particular date, as was customary, Frank King and Jim King, two other employees of Unity, rode in a pick-up truck to appellant's house so that the three men could ride together to the job site. This truck was owned by one of Unity's principals, Fred Vanzin, and used regularly by Frank King to transport material, tools and equipment, along with employees, to and from job sites.

Prior to reaching the job site and while detained at a traffic light, the rear of their truck was struck by another motorist. As a result of this accident, appellant sustained injuries to his neck and shoulders. These injuries prevented him from returning to work.

The pick-up truck in which appellant was riding was secured under the Pennsylvania No-Fault Motor Vehicle Insurance Act by Firemen's Insurance Company (hereinafter "Firemen's"). Firemen's also provided Workmen's Compensation Insurance for Unity. Appellant's own no-fault insurance carrier was Allstate Insurance Company. Pursuant to a Commonwealth Court Order, appellant was awarded $184.57 per week in Workmen's Compensation benefits as a result of this accident.

When Firemen's refused to pay work loss benefits to appellant, he filed separate Complaints in Assumpsit in the Court of Common Pleas of Allegheny County against Firemen's and Allstate, his carrier, for work loss benefits equal to the difference between actual lost wages and Workmen's Compensation payments received. Appellant and appellee, Firemen's, filed motions for summary judgment. Appellant's motion was granted against Allstate and dismissed against Firemen's. Judgment was entered against Allstate in favor of appellant for work loss benefits in the amount of $15,000.00, the policy limit. Firemen's motion for summary judgment was granted and judgment was entered in its favor against appellant. Appellant filed this appeal from that portion of the order granting summary judgment in favor of Firemen's. Allstate did not appeal.

Appellant argues that he is entitled to work loss benefits under the No-fault Motor Vehicle Insurance Act from both his own carrier, Allstate, and his employer's carrier, Firemen's. Inasmuch as Fred Vanzin owned five motor vehicles at the time of the accident, appellant further contends that the individual limits on each vehicle can be "stacked" so that Firemen's is obligated to pay in excess of the fifteen thousand dollar policy limit on each vehicle.[1]

1. Our disposition of this appeal makes it unnecessary to address this "stacking" issue. Had the proper disposition required attention to this issue, however, we would defer to this court's opinion in *Antanovich v. Allstate Ins. Co.*, 320 Pa.Super. 322, 467 A.2d 345 (1983). In prohibiting stacking, *Antanovich* ascertained the General Assembly's intent in promulgating the Pennsylvania No-Fault Motor Vehicle Insurance Act. The General Assembly's intent to prohibit "stacking" was derived from limits of recovery imposed on work loss, replacement services and survivor's loss, from the unlimited recovery of basic medical and rehabilitation costs which make "stacking" unnecessary, from the unavoidable conclusion that "stacking" would eliminate the need to file an action in tort while the Act provides for tort actions to recover damages outside statutory limits. Additional bases are discussed by the *Antanovich* court justifying the prohibition of stacking. *Antanovich* is a scholarly and thorough disposition of the "stacking" issue. Were we compelled to address this issue, *Antanovich* would control.

Appellant raises a second "stacking" issue. He argues that § 204(a) sets forth a *cumulative* priority of sources for no-fault benefits; therefore, upon payment by one source of minimum benefits, the following

Section 204(a) of the Pennsylvania No-Fault Motor Vehicle Insurance Act [2] sets forth the priorities for determining the applicable security for payment of basic loss benefits:

### § 1009.204   Source of restoration benefits

(a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

40 P.S. § 1009.204(a).

source may be tapped to cover loss in excess of minimum benefits. As our disposition shows, appellant's own carrier (Allstate) is the only available source under § 204(a). Firemen's is the insurer for appellant's employer. Insofar as Firemen's is excluded from paying no-fault benefits due to its payment of Workmen's Compensation benefits, it is not a source for benefits under §§ 204(a)(3) and (4). Whether § 204(a) provides for cumulative priority is not a relevant issue where there exists only one source for benefits under that section.

**2.** 40 P.S. § 1009.101 et seq., July 19, 1974, P.L. 489, No. 176.

If 204(a)(1) does not apply under the facts of the case, the injured party must look to §§ 204(a)(2), (a)(3), (a)(4) and (a)(5) in succession for the appropriate security.

Section 204(a)(1) provides that if an employee is injured within the scope of his employment while a passenger in a motor vehicle provided by his employer, that employee must first seek basic loss benefits from the security covering the employer's vehicle. Upon initial review, therefore, it appears that Firemen's, the carrier of security for the pick-up truck, must pay work loss benefits as per appellant's request.

There is one restricted instance, however, where an employer's carrier is not obligated to pay basic loss benefits for an employee injured while occupying the employer's vehicle within the scope of employment. This restriction was delineated in *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980) wherein the decedent's personal representative sought the difference between decedent's Workmen's Compensation benefits and both survivor's and work loss benefits from his employer's no-fault motor vehicle insurance carrier. In reviewing § 303 of the Pennsylvania Workmen's Compensation Act, the *Wagner* court was of the opinion that an employer's obligation to pay Workmen's Compensation benefits represented his exclusive liability to employees. In comparing an employer's obligation under the Workmen's Compensation Act and the No-Fault Act, the *Wagner* court commented on § 303 of the former act as follows:

> This section, which was enacted five months after passage of the No-Fault Act admits no exceptions; the liability of an employer to an employee is limited to the Workmen's Compensation Act. *Id.*, 492 Pa. at 159, 422 A.2d at 1064.

It was recognized that benefits payable under the No-Fault Act by an employer to an employee were irreconcilable with the exclusivity effect of the Workmen's Compensa-

tion Act. The *Wagner* court addressed this problem by deferring to the judgment employed in *Turner v. Southeastern Pennsylvania Transp. Authority,* 256 Pa.Super. 43, 389 A.2d 591 (1978). There, statutory construction rules were considered to conclude that the later-enacted of two conflicting statutes promulgated by the same General Assembly shall prevail. Statutory Construction Act, Act of May 28, 1937, P.L. 1019, Art. IV, § 65, 46 P.S. § 565. The *Turner* court commented further that had the legislature intended to carve an exception from the exclusivity clause of the Workmen's Compensation Act for an employer's payment of no-fault benefits, such an exception would have been incorporated in the 1974 amendments of § 303. No exception would be implicated by the *Turner* court.

■ Many subsequent opinions have cited *Wagner* and solidified the rule that an employee, who is injured within the scope of his employment while occupying his employer's vehicle, is entitled only to Workmen's Compensation benefits from his employer. He may only recover work loss benefits from security provided in § 204(a)(2)–(5). *Motley v. State Farm Mut. Auto. Ins. Co.,* 502 Pa. 335, 466 A.2d 609 (1983); *Boothman v. Prudential Property and Casualty Ins. Co.,* 304 Pa.Super. 137, 450 A.2d 139 (1982); *Augostine v. Pennsylvania Nat. Mut. Casualty Ins. Co.,* 293 Pa.Super. 50, 437 A.2d 985 (1981). Having recovered Workmen's Compensation benefits from his employer's carrier, appellant may recover work loss benefits from Allstate only. 40 P.S. § 1009.204(a)(2). Allstate is appellant's personal no-fault insurance carrier and second in priority under § 204(a). This further precludes appellant from recovering from those forms of security beneath Allstate in the priority line set forth in § 204(a)(3)–(5).

We are compelled to address one remaining issue. Appellant contends that he is entitled to work loss benefits from Firemen's due to the fact that the vehicle in which he was injured was *individually-owned* by Fred Vanzin and not by

appellant's employer, Unity. Therefore, the payment of Workmen's Compensation benefits by Unity does not preclude the recovery of no-fault benefits through Vanzin's carrier.

In *Gradler v. Prudential Property and Casualty Ins. Co.*, 464 F.Supp. 575 (1979), the plaintiff was injured while riding as a passenger in a truck owned by the president of the corporation by which the plaintiff was employed. In holding that the plaintiff was injured "while occupying a vehicle furnished by his employer", the *Gradler* court considered the facts that the truck was used to haul materials and supplies for the corporation, tool boxes were attached to the sides of the truck for business reasons, the owner of the vehicle owned 50% of outstanding shares in the corporation and the owner of the vehicle was president of the corporation and actively orchestrated business activities. It was not important that the president owned the vehicle and used it primarily for personal, non-business purposes.

■ Here, the pick-up truck was used primarily for business purposes. It was owned by one of two principals of the corporation who actively engaged himself in the business. There is no evidence to reflect that the pick-up truck in question or the remaining trucks in the fleet were used by Vanzin or King for anything but business-related functions. We are convinced that the vehicle here was used in a more business-related fashion than was evident in *Gradler*. In that case, we will follow course in holding that the vehicle in which appellant was injured was "furnished" by his employer under § 204(a)(1). As a result, appellant's employer is not liable for no-fault benefits due to its carrier's payment of Workmen's Compensation benefits to appellant.

Judgment affirmed.