## Fecher v. Pennsylvania Assigned Claims Plan

*Joseph P. Moschetta*, for plaintiff.
*Philip A. Faix, Jr.*, for defendant.
*James M. Burton*, for additional defendant.

TERPUTAC, *J.*, July 7, 1986—The question presented in this case is whether an employee can re-

cover not only workmen's compensation payments, but also no-fault insurance benefits from his employer. Before the court are preliminary objections of additional defendant National Union Fire Insurance Company of Pittsburgh (hereinafter National Union) in the nature of a demurrer and a motion to strike. The gravamen of the objections of National Union is that, since plaintiff Jerome Fecher has already received payment of workmen's compensation benefits from his employer, plaintiff is barred from recovering any no-fault insurance benefits from anyone except his own no-fault carrier and, therefore, the Assigned Claims Plan is not entitled to indemnification, contribution or any redress from additional defendant. Thus National Union has urged the court to strike the complaint of defendant Assigned Claims Plan to join National Union as an additional defendant.

Plaintiff is an Ohio resident. On April 19, 1983 he was injured in a motor vehicle accident in Westmoreland County, Pa., while he was acting within the scope of his employment as an employee of NCR Corporation. At the time of the accident plaintiff was a passenger in a tractor-trailer owned by NCR Corporation. He has claimed and has received workers' compensation benefits from his employer. Contending that his injuries have resulted in loss of income in the amount of $7,833, plaintiff is also seeking recovery for benefits under the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act, the Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., now repealed.

NCR's tractor-trailer was insured at the time of the accident by National Union. In his complaint plaintiff alleged that NCR was required to provide security for payment of no-fault benefits pursuant to §1009.204(a)(3) of the Pennsylvania No-fault Act.

After NCR had filed preliminary objections to the complaint, the court entered an order on August 29, 1985 dismissing plaintiff's cause of action against NCR. At that time we held that plaintiff had failed to state a cause of action upon which relief could be granted, stating that the exclusive remedy against the employer was provided by the Workmen's Compensation Act.

NCR Corporation, the employer, was self-insured for workmen's compensation purposes; in addition, it had no-fault coverage with additional defendant National Union. The order of August 29, 1985 did not affect National Union as a party in this litigation.

In his home state of Ohio, plaintiff owned an automobile which was not involved in the accident. This automobile was insured by Meridian Insurance Company. However, the insurer of the vehicle that caused the accident in which plaintiff was insured became insolvent. It is conceded that Ohio does not have no-fault insurance. It is in this factual scenario that plaintiff filed his claims for benefits under the Pennsylvania No-fault Act, 40 P.S. § 1009.108. Subsequently, original defendant Assigned Claims Plan filed its complaint to join National Union as an additional defendant. By this time NCR had been dismissed as a party by the court. In its complaint to join additional defendant, Assigned Claims Plan has alleged a cause of action against National Union, claiming that since National Union owes no-fault benefits as primary obligor to plaintiff, National Union is therefore solely liable to plaintiff, or National Union is liable over to the Assigned Claims Plan, or Assigned Claims Plan is entitled to indemnification, contribution or other redress from National Union. Although we are unable to find a case directly in point, we hold that, because

of the provisions of the Pennsylvania No-fault Act and the cases herein cited, we must sustain the preliminary objections of National Union and dismiss the complaint to join it as an additional defendant.

The contention of Assigned Claims Plan is that plaintiff, though he was an Ohio resident, should be able to recover no-fault benefits from his employer's no-fault carrier, National Union, under the Pennsylvania No-fault Act. But this accident occurred in Pennsylvania and we hold that Pennsylvania law is controlling. If the state of domicile of the injured party does not have a no-fault plan in effect (and Ohio did not have such a plan at the time of the accident), then basic-loss benefits "shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs." § 1009.110(c)(1).

We also hold that the payment of workmen's compensation benefits by an employer to his employee precludes any further recovery of no-fault benefits from the employer's no-fault insurance carrier. If an injured party cannot recover basic-loss benefits under § 1009.204(a)(1), he must look to subsections (a)(2), (a)(3), (a)(4); and (a)(5). Subsection (a)(1) provides that if the employee within the scope of his employment is injured while he is a passenger in a motor vehicle provided by his employer, the employee must first seek basic-loss benefits from the security covering the employer's vehicle. However, in Wagner v. National Indemnity Company, 492 Pa. 154, 422 A.2d 1061 (1980), the Supreme Court of Pennsylvania held that an employer's obligation to pay workmen's compensation benefits is the exclusive obligation to employees. In deciding that the liability of an employer to an employee is limited to the Workmen's Compensation Act, the Supreme

Court noted that the section dealing with the obligation under the Workmen's Compensation Act was enacted after the No-Fault Act. The public policy in Pennsylvania, stated by the General Assembly and pronounced by the Supreme Court, is that the employee's rights of recovery in this situation is limited to workmen's compensation. Another case sustaining this viewpoint is Ellisor v. Allstate Insurance Company, 325 Pa. Super. 318, 472 A.2d 1138 (1984). There plaintiff, Thomas Ellisor, was employed by Unity Builders, Inc. While he was acting within the scope of his employment as a passenger in a Unity truck, Ellisor and his co-workers were struck by another motorist. As a result of his injuries, Ellisor was unable to return to work. The pickup truck in which he was riding was secured under the No-fault Act by Firemen's Insurance Company, and Firemen's Insurance Company also provided workmen's compensation coverage for Unity Builders. When Firemen's refused to pay basic-loss benefits to Ellisor, he filed suit against both Firemen's Insurance Company and Allstate Insurance Company, his own carrier, for work-loss benefits equal to the difference between his actual lost wages and the workmen's compensation benefits. The Superior Court held that Ellisor was entitled to receive only workmen's compensation benefits from his employer, Unity Builders. Although Ellisor could recover work-loss benefits from his own personal no-fault insurance carrier, he could not recover any no-fault benefits from his employer's vehicle.

We are of the opinion that Ellisor, Wagner and the Pennsylvania No-fault Act compel the conclusion that plaintiff cannot recover no-fault benefits against the no-fault carrier of his employer. It is immaterial that plaintiff may be unable to recover such benefits under his own personal insurance policy.

Owing to the fact that there is no foundation for the cause of action by Assigned Claims Plan against National Union, the complaint of Assigned Claims Plan must be dismissed.

## ORDER

And now, this July 7, 1986, because the Pennsylvania Assigned Claims Plan, original defendant, is not entitled to indemnification, contribution or other redress against National Union Fire Insurance Company of Pittsburgh, Pa., additional defendant, the preliminary objections of National Union are sustained and the complaint to join it as an additional defendant is dismissed with prejudice.