389 A.2d 591

**Karl TURNER, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued March 27, 1978.

Decided July 12, 1978.

44

David S. Shrager, Philadelphia, with him Lawrence J. Roberts, Cornwells Heights, for appellant.

James Ciamaichelo, Philadelphia, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

■ This appeal is taken from the order of Judge DOTY, dated May 26, 1977, granting appellee's motion for judgment on the pleadings and holding that the liability of an employer under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, No. 338, *as amended*, 77 P.S. § 1, *et seq.*, is exclusive and precludes a "no-fault" recovery by a professional driver injured in the course of his employment. Ap-

pellant contends, however, that the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101, 40 P.S. § 1009.101 *et seq.* (Supp. 1977–78), has created an exception to the well-established rule that an injured employee's exclusive remedy is that provided by the Workmen's Compensation Act. We disagree with this contention and, therefore, affirm.

Appellant, Karl Turner, is employed by Southeastern Pennsylvania Transportation Authority (SEPTA) as a bus driver. On August 21, 1975, appellant was injured in a collision between his bus and another vehicle. In both his complaint and in his reply to new matter raised by appellee (defendant below), appellant admitted that at the time of the accident he was acting within the scope of his employment. Appellant applied for and was denied Workmen's Compensation benefits because he refused to submit to a medical examination. As a result, Turner filed a complaint seeking to recover from his employer under the No-fault Act. Appellee SEPTA filed an answer, raising as new matter the affirmative defense that the Workmen's Compensation Act was Appellant Turner's sole remedy. Judge DOTY properly granted SEPTA's motion for judgment on the pleadings.

It has long been stated by the courts of this Commonwealth that the Workmen's Compensation Act is an injured employee's sole remedy against his or her employer. *See, e. g., Hamler v. Waldron*, 445 Pa. 262 n.3, 284 A.2d 725 n.3 (1971); *Steets v. Sovereign Construction Co.*, 413 Pa. 458, 198 A.2d 590 (1964); *Swartz v. Conradis*, 298 Pa. 343, 148 A. 529 (1929). In December of 1974, five months after the passage of the No-fault Act, the legislature amended Section 303 [1] of the Workmen's Compensation Act to affirm this oft-repeated judicial interpretation of legislative intent.

The new Section 303 makes the following blanket statement:

1. Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(a), effective February 3, 1975.

(a) The liability of an employer under this act shall be exclusive and *in place of any and all other liability* to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages *in any action at law or otherwise* on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

· · · · ·

77 P.S. § 481(a) (emphasis added).

Despite the fact that this amendment was adopted by the same General Assembly which had earlier enacted the "No-fault" legislation, appellant would have us hold that an injured employee may recover from his employer under the No-fault Act in addition to receiving a Workmen's Compensation remedy.[2]

■■ Like Judge DOTY, we can find no section of the No-fault Act which either expressly or impliedly indicates a legislative intent to create an exception in the case of a professional driver injured in the course of his or her employment.[3] Appellant, however, points to Sections 204 and

**2.** Were we to decide that the Workmen's Compensation Act and the No-fault Act were in any manner irreconcilable, the iron-clad exclusivity provision contained in the 1974 amendment to Section 303 would control. "Whenever the provisions of two or more statutes enacted finally during the same General Assembly are irreconcilable, the statute latest in date of final enactment irrespective of its effective date, shall prevail." Statutory Construction Act, Act of May 28, 1937, P.L. 1019, art. IV, § 65, 46 P.S. § 565.

We are of the opinion that if any exception had been created by the No-fault Act, the legislature would surely have seen fit to incorporate the exception when it amended Section 303 of the Workmen's Compensation Act. "Any question as to the intention of the legislature that the remedy created by the Workmen's Compensation Act be exclusive is removed by [the 1974 amendment]." *Greer v. United States Steel Corp.*, 237 Pa.Super. 597, 600, 352 A.2d 450, 451 (1975), *rev'd on other grounds*, 475 Pa. 448, 380 A.2d 1221 (1977).

**3.** In addition to the other bases for our decision, we fail to see why persons employed as professional drivers should be treated any differently from employees who sustain injuries, sometimes quite severe, while working on an assembly line or on a loading dock. The Workmen's Compensation Act was intended to establish an independent means of compensating any injured employee without resort to time-consuming litigation in the courts. *See Greer v. United States*

206 of the No-fault Act and argues that they carve out a narrow exception to the normal "exclusive remedy" rule. Section 204 provides in part:

§ 1009.204   Source of basic restoration benefits

(a) Applicable security—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim.

40 P.S. § 1009.204.

This section, we believe, was intended to complement the Workmen's Compensation Act rather than supplant it. We interpret it to apply to situations other than the one where the employee is covered by Workmen's Compensation, such as when an employee or his relatives are injured while driving a vehicle furnished by the employer for their private use.

■   Section 206 states:

§ 1009.206   Net loss

(a) General.—Except as provided in section 108(a)(3) of this act,[1] all benefits or advantages (less reasonably incurred collection costs) that an individual receives or is entitled to receive from social security (except those benefits provided under Title XIX of the Social Security Act[2] and except those medicare benefits to which a person's entitlement depends upon use of his so-called "life-time reserve" of benefit days) *workmen's compensation,* any State-required temporary, nonoccupational disability in-

*Steel Corp.,* 237 Pa.Super. 597, 600, 352 A.2d 450, 451 (1975), *rev'd on other grounds,* 475 Pa. 448, 380 A.2d 1221 (1977).

surance, and all other benefits (except the proceeds of life insurance) received by or available to an individual because of the injury from any government, unless the law authorizing or providing for such benefits or advantages makes them excess or secondary to the benefits in accordance with this act, shall be subtracted from loss in calculating net loss.

. . . . . .

40 P.S. § 1009.206 (emphasis added).

The reference to workmen's compensation in this section is admittedly not entirely clear. It may well be, as appellee argues, that Section 206 is intended to provide for subtraction of workmen's compensation benefits received from the employer, from any no-fault recovery obtained by the employee from the insurer of a vehicle owner other than the employer. This could only occur if the employee were injured while using his own car or that of a third party in the course of conducting his employer's business. Thus Section 206 does not apply to a situation such as that presented in the instant case—i. e. when the employee is driving the *employer's* vehicle while conducting the employer's business.

Neither Section 204 nor Section 206 is a model of clarity. Neither, however, explicitly or implicitly creates a new right superceding the normal workmen's compensation remedy. Clearer language than this would be required to convince us that the legislature intended to fashion an entirely new exception to the "exclusive remedy" rule. This is particularly true in light of the subsequent amendment to Section 303 of the Workmen's Compensation Act, which makes no reference to any exception wrought by the No-fault Act.

Affirmed.