## Stockdill v. State Farm Mutual Automobile Insurance Company

*Edward G. Petrillo,* for plaintiff.
*Norberg J. Powell,* for defendant.

WOLFE, *P.J.,* August 31, 1979—Defendant has filed motion for summary judgment on the undisputed following facts.

On July 5, 1977, plaintiff was seriously injured when he was struck by his employer's truck which plaintiff had legally parked by the U.S. Post Office in the Borough of Warren. Plaintiff was returning to the truck from the post office and while proceeding in front of it, it was struck in the rear by a second vehicle operated by Leatrice G. Segel, propelling the truck forward into plaintiff.

Plaintiff has commenced the instant action against defendant who has insured plaintiff for benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

At the time of the accident and ensuing injuries plaintiff was acting within the scope of his employment and has claimed and is receiving workmen's compensation benefits through his employer's insurance carrier.

Additionally, plaintiff has filed action against the alleged tortfeasor, Leatrice Segel, seeking recovery for his non-economic detriment loss exceeding the no-fault benefits payable under the act. It is undisputed plaintiff's injuries exceed the threshhold amount for disability and loss of earnings.

In the instant action plaintiff seeks to recover the loss of his actual earnings and impairment of his earning capacity in the future in excess of those amounts payable under the workmen's compensation schedules.

Finally, plaintiff requests reasonable payment of counsel fees in the instant action by reason of the unreasonable refusal of defendant to honor plaintiff's claim.

Defendant has denied liability under its insurance contract with plaintiff which was in force at the time of the injury for the reason plaintiff's sole source of recovery is under the Workmen's Compensation Act.

To this, plaintiff argues, at the time of the injury, he was, in fact, a pedestrian and therefore not a "user" or "occupier" nor "maintaining" his employer's vehicle at the time of injury and thus section 301 abolishing tort liability with stated exceptions is not applicable so as to bar the current action for common law recovery.

Plaintiff's argument is founded on Government Employees Insurance Company v. Keystone Insurance Company, 442 F. Supp. 1130 (E. D. Pa. 1977), and the concept adopted therein, to wit, whether a person when injured is still "vehicle-oriented" as opposed to "highway-oriented." If the former he continues to "occupy" the vehicle and if the latter he does not.

In our opinion the analogy of Government Employees Insurance Company, supra, to the instant case is misplaced. Here, it is immaterial if plaintiff severed his connection with his employer's vehicle. In Government Employees, supra, the injured party was not acting within the scope of his em-

ployment at the time of his injury and thus was receiving no workmen's compensation; Government Employees Insurance Company was the injured party's carrier which voluntarily settled with the injured party (plaintiff therein) and sought recoupment against Keystone Insurance Company. The only issue in that case due to the fact the tortfeasor was uninjured was the priority of which company was responsible for payment. The court found, under the circumstances there stated, the injured party had severed all relationship with the vehicle in which he had been a prior occupant and therefore his own insured, Government Employees Insurance Company was the primary coverage since he was not "vehicle-oriented."

In contrast, in the instant case plaintiff was injured within the scope of his employment, has, and is currently receiving workmen's compensation benefits and has brought a cause against the tortfeasor who has coverage through Aetna Insurance Company.

In Turner v. Southeastern Transportation Authority, 256 Pa. Superior Ct. 43, 45, 389 A. 2d 591 (1978), the injured employe brought his action directly against his employer and the courts specifically held the no-fault Motor Vehicle Act does not create an exception to the "well-established rule that an injured employee's exclusive remedy is that provided by the Workmen's Compensation Act." This holding, of course, is a continuation of the well-settled rule that an injured employe is relegated exclusively to workmen's compensation benefits.

Obviously the facts in Turner are not similar to the instant facts in that plaintiff is not seeking recovery against his employer and which he could not

because of his compensation status and the rational in Turner was strictly limited to the factual situation therein, to wit, Turner was actually driving the bus when he was injured in the course of his employment. In contrast, in the instant case plaintiff had not left the scope of his employment notwithstanding he was afoot at the time of his injury.

In our opinion the test of the responsibility for payment under these circumstances is not, as plaintiff argues, if plaintiff were afoot and had severed his relationship with his employer's vehicle but rather, if his status as an employe had ceased. Plaintiff has a complete source of recovery for his injuries, to wit, workmen's compensation equating the basic loss benefits of no-fault insurance and the common law action against the tortfeasor equating the non-economic detriment loss.

Further, in our opinion if the employer-workmen's compensation issue were removed from the instant case the security for the basic loss benefits would be the insurance covering the vehicle that actually struck plaintiff or the tortfeasor's vehicle that initiated the accident. In the event the vehicle that actually struck plaintiff was without coverage then plaintiff's own coverage would be primarily responsible. There is no provision under the Pennsylvania No-fault Insurance Act, nor indeed under section 204 applicable to the source of basic restoration benefits, that requires the injured party's carrier to always be the primary source of payment. This source of payment is invoked when the responsible party has no coverage.

It is for these reasons we conclude plaintiff is not entitled to reasonable counsel fees pursuant to section 107 of the act for any overdue no-fault benefits from defendant.

For the foregoing reasons we enter the following

## ORDER

And now, August 31, 1979, the motion for summary judgment is granted. Counsel fees are denied.