# Adams v. Westchester Fire Insurance Company

*Lindley M. Cowperthwait, Jr.,* for plaintiff.
*Steven Speece,* for defendant.

BROWN, *J.,* April 11, 1980—Plaintiff is a policeman employed by Abington Township who is also self-employed in a rental business. On August 6, 1978 while in the course of his employment as a policeman and while operating a township vehicle, he was injured in an accident. At the time, the vehicle was covered by an insurance policy issued to Abington Township by defendant insurer in accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40

P.S. § 1009.101 et seq. Plaintiff seeks "work loss" as well as other benefits under the no-fault policy for the self-employment income lost following the accident. Defendant filed preliminary objections citing section 303 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §481(a), which provides that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes. . . ."

Plaintiff, on the other hand, maintains that the Workmen's Compensation Act provides no remedy for self-employment loss and therefore cannot be the exclusive remedy. He contends the Workmen's Compensation Act provides no remedy so that section 206 of the No-fault Act,[1] which makes workmen's compensation payments deductible from no-fault wage loss benefits to determine "net loss," is therefore inapplicable. If indeed the Workmen's Compensation Act provides no remedy, then plaintiff is entitled to be fully restored by defendant pursuant to section 102, 40 P.S. § 1009.102, of the No-fault Act which sets forth the purpose of the act as being the "maximum feasible restoration of all individuals injured . . . in motor vehicle accidents on Commonwealth highways. . . ."

However, the Superior Court has found in two recent cases that the Workmen's Compensation Act does provide a remedy and that that remedy is exclusive: Turner v. Southeastern Pennsylvania Transporation Authority, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978); Wagner v. National Indem-

---

1. "§ 1009.206 Net loss

"(a) General.—. . . all benefits or advantages . . . that an individual receives or is entitled to receive from . . . workmen's compensation, . . . shall be subtracted from loss in calculating net loss."

nity Company, _____ Pa. Superior Ct. _____, 403 A. 2d 118 (1979).

"Neither Section 204 nor Section 206 is a model of clarity. Neither, however, explicitly or implicitly creates a new right superceding the normal workmen's compensation remedy. Clearer language than this would be required to convince us that the legislature intended to fashion an entirely new exception to the 'exclusive remedy' rule. This is particularly true in light of the subsequent amendment to Section 303 of the Workmen's Compensation Act, which makes no reference to any exception wrought by the No-fault Act." Turner, supra, at 48.

The plain meaning of these cases is that the exclusive remedy against employer language of the Workmen's Compensation Act has been expanded to include no-fault carriers. Why a no-fault carrier should get such a benefit in the absence of statutory language to that effect is not clear.[2] The Workmen's Compensation Act speaks only of the employer when it states that the benefits of that act are the exclusive remedy. It certainly does not relieve third-party tortfeasors of liability and while their relationship to an employe-claimant is not analogous to that of an employer, neither is a no-fault carrier analogous. The act, 77 P.S. §481(b), does of course give the same protection to the insurance carrier as that enjoyed by the employer but the context suggests that the reference was only to the workmen's compensation carrier.

---

2. Perhaps it is so employes who drive vehicles for a living will not be given greater benefits by reason of the No-fault Act than other employes injured in non-vehicular accidents.

This claim is under the No-fault Act so why look to the Workmen's Compensation Act to determine what is payable under it? If we look to the No-fault Act to see if it excludes injuries covered by workmen's compensation, we find only that section 206 requires workmen's compensation benefits be subtracted to determine "net loss." Indeed, in a decision handed down between Turner and Wagner the Superior Court stated, albeit in a different context: ". . . the workmen's compensation insurer must pay all that it is required to pay under the provisions of the workmen's compensation statute *before the no-fault insurer's financial obligations begin to accrue.*" (Emphasis supplied.) Brunelli v. Farelly Brothers, _____ Pa. Superior Ct. _____, 402 A. 2d 1058, 1060 (1979). The inescapable inference of Brunelli is that a no-fault carrier must pay losses over and above those covered under workmen's compensation. In fact Brunelli suggests the no-fault carrier's obligation covers not just the self-employment income lost here, but rather extends to any loss above that payable by workmen's compensation to the maximum benefit due under the No-fault Act.

But Turner and Wagner reject such reasoning and establish that the exclusive remedy provision of the Workmen's Compensation Act covers no-fault carriers. That being the case, the controlling question becomes: Is plaintiff's loss of self-employment income from his second job compensable under the Workmen's Compensation Act? If it is not, then it cannot be the exclusive remedy, being no remedy at all. If, on the other hand, such income is compensable under the act, plaintiff has a remedy and that remedy is the only one he has.

The act, 77 P.S. §§511 and 512, sets out schedules of compensation for total and partial disability. Compensation for any disability, whether it be total or partial is based upon the claimant's "wages." It is clear from the language of section 582(e) that wages for this purpose are income from all occupations: "Where the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation."

Although this section does not expressly include concurrent self-employment income, there appears to be no reason why self-employment should not be included in a claimant's "wages" for the purpose of determining compensation under the act: Turek v. Damalak, 95 Pitts.L.J. 35, 38 (1946), supports this reasoning. There plaintiff was employed by defendant and also worked for himself earning an additional $15 a week. He was injured within the scope of his employment with defendant and could not continue either job. The employer was held liable for compensation based upon his total earnings:

"We see no reason to hold that the legislature intended to restrict the claimant's earnings to those from one source as contended by defendant. The legislature has placed maximum amounts as a safeguard, and we believe that if employers are informed of part time employees being otherwise employed, either for another employer or as an independent contractor, that such an employer is liable for compensation based on claimant's total earnings so long as the award is within the maximum limit." The result is that a claimant is enti-

tled to additional workmen's compensation based on his second job earnings if, of course, maximum benefits are not already being paid by reason of his primary job.

Even though self-employed individuals are not covered by the Workmen's Compensation Act, earnings from such a job clearly should be included in "wages" for such purpose. Since they are included, plaintiff does have a remedy under the Workmen's Compensation Act and that remedy is exclusive.

## ORDER

And now, April 11, 1980, after argument, defendant's preliminary objections are sustained and the complaint dismissed.