**Wiegand v. Shaffer Trucking Co., Inc.**

*Mark J. Homyak,* for plaintiff.
*John B. Mancke,* for defendants.

SHUGHART, *P.J.*, April 29, 1980—This action arose out of a collision between two trucks on July 15, 1976. Plaintiff was driving a truck, owned by his employer, which was struck by a truck owned by defendant Shaffer Trucking Co., Inc., and operated by defendant Lewis Schleicher. Plaintiff suffered personal injuries and a loss of wages as a result of the incident.

It appears from the complaint and his answers to interrogatories that plaintiff's medical expenses and a portion of his lost wages were paid by his employer's workmen's compensation. This action was instituted to recover the unreimbursed balance of his lost wages and to obtain compensation for pain and suffering.

Defendants contend that the claim for lost wages is barred by section 301(a) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.301(a), which abolishes certain forms of tort liability for any injury which "arises out of the maintenance or use of a motor vehicle" with certain exceptions. Id. Additionally, defendants contend that the claim for pain and suffering cannot be maintained because plaintiff has failed to establish that he has satisfied any of the threshold requirements of section 301(a)(5) of the No-fault Act, 40 P.S. §1009.301(a)(5) which provides that:

"A person remains liable for damages for non-economic detriment if the accident results in: (A) death or serious and permanent injury; or (B) the reasonable value of reasonable and necessary medical and dental services . . . in excess of seven hundred fifty dollars . . . or (C) medically determinable physical or mental impairment . . . which continues for more than sixty consecutive days; or (D) injury which in whole or in part consists of cosmetic

disfigurement which is permanent, irreparable and severe."

Plaintiff contends that his claims fall within an exception to the abolition of tort liability contained in section 301(a)(4) of the No-fault Act, 40 P.S. §1009.301(a)(4), which provides that: "A person remains liable for loss which is not compensated because f any limitation in accordance with section 202(a), (b), (c) or (d) of this act." We are unable to accept either contention.

In Turner v. Southeastern Pa. Transp. Auth., 256 Pa. Superior Ct. 43, 389 A.2d 591 (1978), the Superior Court held that The Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., provides the exclusive remedy of a professional driver injured in the course of his employment, notwithstanding any contrary provisions of the No-fault Act. The court pointed out that any conflict between the two statutes on that point must be resolved in favor of the Workmen's Compensation Act by virtue of a 1974 amendment which post-dates the passage of the No-fault Act: 256 Pa. Superior Ct. at 46, fn. 2, 389 A. 2d at 593.

On the basis of this decision, we must conclude that the abolition of tort liability in section 301(a) of the No-fault Act, 40 P.S. §1009.301(a), cannot be applied to an action by a professional driver injured in the course of his employment. Such an action must stand or fall under the provisions of the Workmen's Compensation Act which provides, in part, that: "In the event injury or death to an employe is caused by a third party, then such employe . . . and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party. . . ." Workmen's Compensation Act of June 2, 1915, P.L. 736, sec.

.303, as amended by the Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(b).

By the No-fault Act, the legislature deprived an individual of his right to sue a tortfeasor by substituting for that right the opportunity to collect his damages from his own insurance carrier. This is the same rationale which removed an employe's right to sue his employer in exchange for his right to collect from his employer in the case of employment-related accidents regardless of fault. See Anderson v. Carnegie Steel Co., 255 Pa. 33, 99 Atl. 215 (1916). Under the No-fault Act, if the injured person is covered by workmen's compensation, the law says that he must go to workmen's compensation and not to No-fault. The No-fault Act has given an employe nothing to which he was not entitled under workmen's compensation before. It would be grossly unfair for no-fault to take away something that an injured person had before. Prior to no-fault, an employe had a right to recover from the tortfeasor the difference between the workmen's compensation payment and his actual wages. Further, if a third party tortfeasor was at fault, then the workmen's compensation carrier could recover any payments he made from that third party by way of subrogation: 77 P.S. §481. We believe this law to be unchanged by the No-fault Act.

We conclude that plaintiff's suit is not barred. There are issues of material fact, however, that cannot be resolved and a summary judgment cannot be entered: Pa.R.C.P. 1035.

## ORDER

And now, April 29, 1980, for the reasons set forth in the opinion filed on this date, defendants' motion for summary judgment is dismissed.