## Grimont v. Aetna Casualty & Surety Co.

*James B. Martin,* for plaintiff.
*Jeffrey R. Dimmich,* for defendant.

WIEAND, *J., Specially Presiding,* August 28, 1980—This action to recover basic loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act[1] has come before the court on preliminary objections in the nature of a demurrer.

Plaintiff, Timothy D. Grimont, received personal injuries as the result of an automobile accident in which his vehicle was struck from behind by another vehicle in Phillipsburg, New Jersey.[2] At the time of the accident he was in the course of his employment and was operating a motor vehicle owned by his employer, Penn Aluminum Construction Company. Defendant, Maryland Casualty Co. (hereinafter Maryland), had issued a policy of insurance providing no-fault coverage for the employer's vehicle. Defendant, Aetna Casualty & Surety Co. (hereinafter Aetna), had issued a policy of insurance providing coverage to plaintiff. Both policies were in force and effect at the time of the accident. Plaintiff brought the instant action in assumpsit against both insurance carriers to recover basic no-fault benefits. Maryland filed an answer and, subsequently, a motion for judgment on the pleadings. That motion has not been argued and is not before the court for decision. Aetna filed preliminary objections in the nature of a demurrer, which have been argued and are now before the court for determination.

---

1. Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

2. The fact that the accident resulting in injury occurred outside of Pennsylvania does not prevent protection under the Pennsylvania No-fault Act. See 40 P.S. §1009.201(b).

The No-fault Act, in section 204(a),[3] provides for priority of liability for basic loss benefits in the following language:

"(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to: (1) an employee . . . if the accident resulting in injury occurs while the victim . . . is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim; (2) an insured is the security under which the victim . . . is insured."

According to the priority established by this section of the act, therefore, Maryland would be responsible for paying basic loss benefits to plaintiff.

However, in Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), and Wagner v. National Indemnity Company, _____Pa. Superior Ct. _____, 403 A. 2d 118 (1979) (allocatur granted September 10, 1979), the Superior Court held that where an employe is injured while operating his employer's vehicle in the course of his employment, The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, sec. 1 et seq., as amended, 77 P.S. §1 et seq., provides the exclusive remedy, and there can be no recovery against the employer or the employer's carrier under the No-fault Motor Vehicle Insurance Act.[4]

---

3. 40 P.S. §1009.204(a).

4. In Turner, the claim for basic loss benefits had been made against an employer who was a self-insurer, and in Wagner, the claim had been made against the employer's no-fault insurance carrier.

If recovery cannot be had from his employer's no-fault carrier, then, argues plaintiff, he should be permitted to recover basic loss benefits from his own no-fault carrier. Otherwise, he contends, he will be denied recovery of those benefits granted by the No-fault Act, because the Workmen's Compensation Act does not allow recovery of his full wage loss, a loss which is recoverable under the No-fault Act.

This is a novel and difficult question depending, as it does, upon ascertainment of the legislative intent. The pertinent section of the Workmen's Compensation Act was amended after enactment of the No-fault Act and provided that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1). . . ." See Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(a), effective February 3, 1975. Aetna, however, is neither plaintiff's employer nor the no-fault carrier for plaintiff's employer. It is apparent, therefore, that the language of the Workmen's Compensation Act does not bar recovery of basic loss benefits from Aetna in the instant action.

The No-fault Motor Vehicle Insurance Act provides that primary security for basic loss benefits shall be the no-fault carrier which provides coverage for the vehicle of the employe's employer, but "if none, any other security applicable to such victim." The "other security" and the next in the order of legislatively provided priority is "the security under which the victim . . . is insured." This, in the instant case, would be Aetna.

The real issue, thus, is whether the provisions of the Workmen's Compensation Act which bar plain-

tiff's recovery of basic loss benefits from his employer's no-fault carrier so destroy the security for the payment of such benefits as to permit recovery from "any other security applicable to such victim."

We conclude that it does. Neither the Workmen's Compensation Act nor the No-fault Motor Vehicle Insurance Act discloses an intention that an employe injured while driving a vehicle during the course of his or her employment shall be denied the same full recovery of basic loss benefits allowed generally to drivers of motor vehicles. Any other interpretation would achieve an absurd result. Neither the employer nor his no-fault carrier, however, can be made to pay benefits other than those benefits recoverable under the Workmen's Compensation Act. Those benefits, the legislature has said, are the only benefits recoverable from an employer or his liability insurance carrier. To the extent that an employe is denied full recovery of benefits under the No-fault Act, he can recover from his own insurance carrier. This is the coverage which he purchased and contracted to receive.

That this represents the legislative intent is confirmed by section 206(a) of the No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.206(a), where it is provided: ". . . all benefits . . . that an individual receives or is entitled to receive from . . . workmen's compensation . . . unless the law authorizing or providing for such benefits . . . makes them excess or secondary to the benefits in accordance with this act, shall be subtracted from loss in calculating net loss." Thus, if plaintiff's remedy against his employer or his employer's insurance carrier is limited to benefits provided by the Workmen's Compensation Act, those benefits, whether

or not recovered in fact, must be subtracted from plaintiff's loss in calculating no-fault benefits payable by his own carrier.

Any other interpretation would deny to an employe driving a vehicle furnished by his employer the right to recover the full loss sustained. As already observed, we find no basis for concluding that the legislature intended such an absurd result.

Aetna's preliminary objections will be dismissed.

### ORDER

Now, August 28, 1980, it is ordered that preliminary objections in the nature of a demurrer filed by Aetna Casualty & Surety Co. be and the same are hereby dismissed, and said defendant is directed to file an answer on the merits within 20 days after notice of this order has been given to its attorney.