## Zettle v. Donley

*George R. Klotzbaugh,* for plaintiffs.
*Charles J. Weyandt,* for defendants.

BROWN, *P.J.,* January 12, 1981—

### FACTUAL BACKGROUND

This matter comes before the court upon a motion in limine filed by defendants seeking to preclude the introduction into evidence at trial of past or future wage losses of plaintiff.

Plaintiffs, Dean R. Zettle and Betty A. Zettle, his wife, filed a complaint in trespass seeking damages as a result of injuries sustained in a June 14, 1977 collision between a tractor-trailer rig operated by plaintiff Dean R. Zettle and a tractor-trailer rig operated by defendant Stephen Robert Donley. It is averred that at all times material to their cause of action, defendant Donley was an agent and employe of defendant Davidson Brothers and was acting within the scope of his employment.

Plaintiff Dean R. Zettle has been unable to return to work since the date of the accident. In 1977 plaintiff had gross wages of $434.54 per week. In 1976 plaintiff grossed $367.33 per week. Since the date of the accident giving rise to this cause of action, plaintiff Dean R. Zettle has received weekly workmen's compensation payments from American Mutual Insurance Company, his employer's workmen's compensation insurance carrier, on a basis of total disability. In addition, plaintiff Dean R. Zettle has received no-fault insurance benefits from his emplozer's no-fault insurance carrier, Protective Insurance Company, from the date of the accident until said benefits were terminated. The decision of the Pennsylvania Superior Court in Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), brought about this termination of benefits. Plaintiff's earnings for 1977 to the date of the injury were $10,394. Projected yearly earnings were $22,596 for 1977.

It appears that plaintiff Dean R. Zettle had a gross income of approximately $1,900 per month during the year of the accident. Plaintiffs' brief in opposition to defendants' motion in limine indicates that plaintiff Dean R. Zettle is presently receiving wage loss benefits in the approximate amount of $1,000 per month from his employer's workmen's compensation insurer. Thus a wage loss of approximately $900 per month is indicated since the date of the accident.

## DISCUSSION

Without question this case is subject to the provisions of The Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. Plaintiff Dean R. Zettle is clearly

an individual who accidently sustained bodily harm arising out of his maintenance and use of a motor vehicle. The issue before this court is whether or not he is entitled to sue a third party tortfeasor for loss of income resulting from a motor vehicle accident where plaintiff is receiving workmen's compensation payments on a total disability basis from his employer's workmen's compensation carrier. If such a cause of action does exist, defendants' motion in limine is properly denied because evidence of past and future lost wages would be relevant in determining damages to be paid by defendants should they be found liable.

Under section 301 of the No-fault Act, 40 P.S. §1009.301, tort liability is abolished for injuries arising out of the use or maintenance of a motor vehicle subject to certain enumerated exceptions. In the case at bar, defendants can only be found liable for plaintiff Dean R. Zettle's lost wages under the provisions of section 301(a)(4), 40 P.S. §1009.301(a)(4), the remaining exceptions not being relevant under this factual situation. Section 301(a)(4) states:

"(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that: . . .

"(4) A person remains liable for loss which is not compensated because of any limitation in accordance with section 202(a), (b), (c) or (d) of this act. A person is not liable for loss which is not compensated because of limitations in accordance with subsection (e) of section 202 of this act."

Section 202 contains the monetary limits of basic loss benefits available under the act. In this regard,

section 202(b) contains the monetary limits pertaining to basic work loss benefits and reads as follows:

"(b) Work loss limits.—Work loss, as defined in section 103 shall be provided:

"(1) up to a monthly maximum of:

"(A) one thousand dollars ($1,000.00) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or

"(B) the disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sum shall measure work loss; and

"(2) up to a total amount of fifteen thousand dollars ($15,000)."

Thus, a defendant remains liable for work loss only to the extent that work loss has not been compensated because of the $1,000 per month and $15,000 total basic work loss benefit limitation.

Defendants assert that plaintiff Dean R. Zettle has been and is receiving workmen's compensation benefits on a total disability basis. Under the so-called exclusivity of remedy provision of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, 77 P.S. §481(a), and the Pennsylvania Superior Court decision in Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), plaintiff is not receiving no-fault wage loss benefits.

Defendants argue that there is, therefore, no wage loss which is "not compensated because of

any limitation in accordance with section 202(a), (b), (c) or (d)." Plaintiff Dean R. Zettle's wage loss has been compensated by workmen's compensation on a total disability basis. To the extent that there is an uncompensated wage loss (representing the difference between workmen's compensation benefits and no-fault wage loss benefits), the loss was imposed by Turner v. SEPTA, supra, and not by the limitations of section 202(b). We disagree with defendants.

Defendants are correct in their assertions if plaintiff were suing his employer or his employer's no-fault insurance carrier. Under the decision in Turner v. SEPTA, supra, and the recently released decision of the Pennsylvania Supreme Court in Wagner v. National Indemnity Company, 492 Pa. 154, 422 A. 2d 1061 (1980), there is no doubt that an employe who, while driving his employer's vehicle, is injured while in the scope of his employment activities, cannot recover no-fault work loss benefits because of the exclusivity of remedy provision of the Workmen's Compensation Act.

In the case at bar, plaintiff Dean R. Zettle did not sue his employer or his employer's no-fault insurance carrier. Instead, he properly sued the driver of the other tractor-trailer rig involved in the accident and the driver's employer. It is clear that there is no prohibition against suing the third party tortfeasor simply because plaintiff was injured in the course of his employment and is receiving workmen's compensation benefits. As the Pennsylvania Superior Court pointed out by way of footnote in Brunelli v. Farelly Brothers, 266 Pa. Superior Ct. 23, 28, 402 A. 2d 1058, 1061, fn.6 (1979):

". . . The Pennsylvania Workmen's Compensation Act, 77 P.S. §481, provides that the liability of an

employer to an employee shall be controlled exclusively by that act. The Workmen's Compensation Act does not affect an employee's cause of action against a third party tortfeasor, except for prohibiting the third party from recovering contribution from the employer for damages which the third party is required to pay to the employee-victim (77 P.S. §481). No-fault applies to an action between the employee and the third party." (Emphasis omitted.)

This position vis-a-vis actions of employe-victims injured in the scope of employment against third party tortfeasors was adopted by way of dictum in the Pennsylvania Supreme Court opinion in Wagner v. National Indemnity Company, supra. The Court stated at 492 Pa. _____, 422 A. 2d 1067:

"However, where an employee is injured in an accident and is covered by workmen's compensation, this by no means precludes recovery under no-fault; section 303 of the Workmen's Compensation Act precludes recovery from the employer only. Thus, while no recovery is allowed under Section 204(a)(1) against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, an insured employee could recover under Section 204(a)(2)-(5) if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act."

Since a cause of action against defendants Stephen Donley and Davidson Brothers Trucking is viable in spite of plaintiff Dean R. Zettle's receiving workmen's compensation benefits on a total disability basis, evidence of past and future work loss is not only relevant but is necessary in order to show

losses which exceed those amounts available as basic work loss benefits under section 202(b) of the No-fault Act. If uncompensated losses exceeding the limitations of section 202(b) are not shown, as calculated under section 206 by deducting those workmen's compensation benefits heretofore received by plaintiff Dean R. Zettle, then those devices available under the Pennsylvania Rules of Civil Procedure for attacking the sufficiency of the cause of action would adequately protect the interests of defendants.

## ORDER

And now, January 12, 1981, upon consideration of defendants' motion in limine, said motion is hereby denied.