## Bulgin v. Pennsylvania Assigned Claims Plan

*Richard A. Stanko,* for plaintiff.
*Jeffrey A. Less,* for defendant.

SHUGHART, *P.J.,* September 21, 1981—On August 4, 1980, a vehicle operated by Steven Bulgin collided with a vehicle parked along Legislative Route 767 in Camp Hill. At the time of the accident, Bulgin was operating his employer's vehicle within the scope of his employment. On August 18, 1980, Bulgin died from the injuries he sustained in the collision.

Decedent was without a no-fault automobile insurance policy of his own; consequently, on November 24, 1980, Cynthia Bulgin, the administratrix of his estate,[1] applied to the Pennsylvania

---

1. Apparently Cynthia Bulgin is also decedent's widow. We do not consider this as a fact, however, because the only reference that Cynthia Bulgin was the decedent's spouse is in the plaintiff's brief.

Assigned Claims Plan for basic loss benefits in accordance with section 204 of the No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, Pennsylvania art. II, sec. 204, 40 P.S. § 1009.204 (hereinafter No-fault Act.) On December 16, 1980, the Assigned Claims Plan denied the request for benefits asserting that an employe who is injured in an automobile accident while driving his employer's vehicle within the scope of his employment is limited to workmen's compensation.

On February 18, 1981, Cynthia Bulgin instituted this action in assumpsit seeking to recover survivor's loss benefits of $5,000, work loss benefits of $15,000, counsel fees, and costs of suit. On April 28, 1981, defendant filed a preliminary objection in the nature of a demurrer maintaining that plaintiff's only remedy is under the Workmen's Compensation Act.

The caption on the complaint indicates that the claim for no-fault benefits is made by Cynthia Bulgin as the personal representative of decedent's estate as well as by Cynthia Bulgin in her own right, but the complaint does not set the respective claims out into separate counts. We must, however, discuss the merits of each claim separately for the sake of clarity. First we must decide whether recovery of no-fault benefits is cognizable by either the estate or Cynthia Bulgin in her own right; if this question is answered in the affirmative, then we must decide whether the request for benefits is properly made to the Assigned Claims Plan.

Any analysis of the No-fault Act must begin with the premise that the General Assembly intends that the act provide "the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways. . . ." 40 P.S. § 1009.102(a)(3). We

are to liberally construe the act to achieve this end. See Heffner v. Allstate Insurance Co., 265 Pa. Superior Ct. 181, 401 A.2d 1160 (1979), aff'd, Allstate Ins. v. Heffner 491 Pa. 447, 421 A. 2d 629 (1980). See also Tubner v. State Farm Mutual Automobile Insurance Co., 280 Pa. Superior Ct. 38, 421 A. 2d 392 (1980). Moreover, if we err in our construction of the act, we are to err in favor of coverage, Heffner v. Allstate Insurance Co., supra. With these guideposts in mind, we will review plaintiff's claim for basic loss benefits.

## I

We first examine the request for benefits made on behalf of decedent's estate. Because the claim is made on behalf of the estate, plaintiff's claim is no better than that of decedent, i.e., plaintiff is merely prosecuting the deceased victim's cause of action. Therefore, if the deceased victim is denied no-fault recovery, the estate is also denied benefits. Consequently, the initial question for our resolution is whether an individual who is himself uninsured and involved in an automobile accident while driving his employer's vehicle within the scope of his employment is entitled to basic loss benefits under the No-fault Act.

Section 201(a) of the act provides: "If the accident resulting in injury occurs in this Commonwealth, *any victim* . . . is entitled to receive basic loss benefits in accordance with the provisions of this act." 40 P.S. § 1009.201(a) (emphasis supplied). This section makes it clear that a victim is entitled to basic loss benefits upon the occurrence of an automobile accident in this Commonwealth. Any argument that a "deceased victim" is to be treated differently than a "victim" was laid to rest in Allstate Insurance Co. v. Heffner, 491 Pa. 447, 421

A. 2d 629 (1980), affirming, 265 Pa. Superior Ct. 181, 401 A. 2d 1160 (1979), when the Supreme Court affirmed the Superior Court's rejection of any victim-deceased victim dichotomy. In the companion case to Heffner, Pontius v. United States Fidelity and Guaranty Co., 491 Pa. 447, 421 A. 2d 629 (1980), the court permitted the estate of a deceased victim to recover work loss benefits under the No-fault Act. Thus, it must be concluded that a deceased victim, like any other victim of an automobile accident, is entitled to basic loss benefits in accordance with section 201(a) of the No-fault Act.[2]

Defendant maintains that the deceased victim in the case at bar, and therefore the estate, is prohibited from recovering no-fault benefits by the decision in Wagner v. National Indemnity Co., 492 Pa. 154, 422 A. 2d 1061 (1980) (plurality decision) (held an employe may not recover no-fault benefits through his employer's no-fault policy.) Accord, Turner v. Southeastern Pennsylvania Transportation Authority, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978). We do not agree.

The only issue in the Wagner case was whether an uninsured truck driver who was injured in an automobile accident during the course of his employment could recover no-fault benefits through his employer's no-fault policy. The court held that recovery under the *employer's policy* was impermissible because the liability of an employer to an employe is limited to workmen's compensation by section 303 of the Workmen's Compensation Act of December 5, 1974. P.L. 782, No. 263, 77 P.S.

2. When recovery of basic loss benefits is denied, the act specifically identifies the proscription. See, e.g., 40 P.S. § 1009.208 (identifying ineligible claimants). In the case at bar, the act does not specifically proscribe recovery by the decedent.

§481(a).[3] Here, the estate seeks recovery from the Assigned Claims Plan, not the employer's no-fault carrier. In this situation the exclusivity of workmen's compensation does not bar no-fault recovery because the estate is not looking toward decedent's employer or the employer's insurance carrier for benefits.

The Wagner decision itself recognizes the possibility that an employe might receive both workmen's compensation and no-fault benefits and that the Workmen's Compensation Act merely prevents an employe from recovering no-fault benefits from his employer.

"[W]here an employe is injured in an accident and is covered by Workmen's Compensation, this by no means precludes recovery under no-fault; *Section 303 of the Workmen's Compensation Act precludes recovery from the employer only*. Thus, while no recovery is allowed under Section 204(a)(1) [of the No-fault Act] against the employer's no-fault carrier because of the exclusivity section of workmen's compensation, an insured employe could recover under Section 204(a)(2)-(5) [listing other sources of security] if applicable. From this recovery, the workmen's compensation benefits would be deducted as called for in Section 206 of the No-Fault Act." 492 Pa. at 165, 422 A. 2d at 1067 (emphasis supplied).

By identifying sections 204(a)(2)-(5) as alternatives under which an employe could recover no-fault benefits, the cited portion of the Wagner decision contemplates employe claims for no-fault benefits.

In Maxwell v. Allstate Insurance Company, 12

---

3. While there may be statements in the opinion referring to other situations, they were unnecessary to the decision and are not binding upon us.

D. & C. 3d 78 (1979), an employe of a cab company was injured while driving a vehicle owned by his employer in course of his employment. The injured employe made a claim to his own no-fault carrier seeking work loss benefits under the No-fault Act in addition to the benefits he was receiving through workmen's compensation. When his no-fault carrier denied the requested benefits, the employe instituted suit. The no-fault carrier demurred contending that the employe was limited to workmen's compensation. In overruling the demurrer, the court stated at pp. 80-81:

"There are no provisions within either Act [No-fault or Workmen's Compensation] which indicate that the legislature intended for workmen's compensation benefits to be the exclusive remedy for an employe injured in a motor vehicle accident. To the contrary, section 206 of the No-fault Act provides that Workmen's Compensation benefits shall be subtracted from the victim's loss of income in calculating the work loss benefits to which the victim is entitled under the No-fault Act. This provision suggests that the legislature intended for employes injured in the course of their employment to recover benefits under both the no-fault and workmen's compensation legislation."

The employe in the case at bar should not be treated differently merely because he did not own a no-fault policy.

The inescapable conclusion is that a deceased victim, even though killed in an automobile accident while within the scope of his employment, is entitled to recover basic loss benefits under the No-fault Act.

Basic loss benefits are detailed in section 202 of the act. 40 P.S. § 1009.202. Included as basic loss

benefits are work loss and survivor's loss which are the benefits the estate presently seeks to recover. The estate may recover work loss benefits. See Pontius v. United States Fidelity and Guaranty Co., supra. We do not believe, however, that the estate has any claim to survivor's loss benefits.

Section 202(d) of the act provides: "Survivors loss, as defined in section 103 shall be provided in an amount not to exceed five thousand dollars ($5,000)." 40 P.S. § 1009.202(d). Section 103 in turn defined survivor's loss as "(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors . . . and (B) expenses reasonably incurred by a survivor or survivors, after a victim's death. . . ." 40 P.S. § 1009.103. Clearly, to recover survivor's loss, the claimant must be a survivor. A survivor is defined as a "(A) spouse; or (B) child, parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. § 1009.103. The estate is certainly not a survivor as defined by the No-fault Act; therefore, the estate is not entitled to receive survivor's loss benefits. Because the estate has no valid claim to survivor's loss benefits, defendant's demurrer with respect to the estate's claim for survivor's loss benefits must be sustained. The estate's claim for work loss benefits, on the other hand, is valid.

Having decided that the estate is entitled to recover work loss benefits, it must now be decided whether the estate's claim was properly made to the Assigned Claims Plan; if so, defendant's demurrer must be overruled as it relates to work loss benefits.

To determine the source of no-fault benefits, subsection 204(a) of the act must be consulted. This subsection, entitled "applicable security," sets up a

priority system to determine the security for the payment of basic loss benefits.[4]

In the case at bar, the first alternative, the employer's insurance, does not apply because of the decision in Wagner v. National Indemnity Co., 492 Pa. 154, 422 A. 2d 1061 (1980) (plurality decision) (held an employe may not recover no-fault benefits under his employer's no-fault policy.) Accord, Turner v. Southeastern Pennsylvania Transit Authority, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978). The second option, the victim's security, does not apply because decedent was uninsured. The third option, the security covering the vehicle, is inapplicable, again because of the Wagner decision. The fourth alternative is inapplicable because it only applies to injured pedestrians. See Schimmelbusch v. Royal-Globe Insurance Co., 247 Pa. Superior Ct. 28, 371 A. 2d 1021 (1977) (allocatur

---

4. Section 204(a) of the No-fault Act provides as follows: (a) Applicable security. — The security for the payment of basic loss benefits applicable to an injury to: (1) an employe, or to the spouse or other relative of any employe residing in the same household as the employe, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle, or, if none, any other security applicable to such victim; (2) an insured is the security under which the victim or deceased victim is insured; (3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle; (4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and (5) any other individual is the applicable assigned claims plan." 40 P.S. § 1009.204(a).

refused). Because none of the first four sources of security are applicable, the estate, in accordance with section 204(a)(5) of the act, resorted to the Assigned Claims Plan.

The estate's request for benefits was properly placed. Section 108(a)(1)(A) of the act provides: "[W]hen the accident resulting in injury occurs, a victim may obtain basic benefits through the Assigned Claims Plan . . ., if basic loss insurance: (A) is not applicable to the injury for a reason other than those specified in the provisions on ineligible claimants [40 P.S. §1009.208 defines ineligible claimants]." Basic loss benefits are not available from another source and the estate is not an ineligible claimant. Consequently, the Assigned Claims Plan is responsible for the work loss benefits. Defendant's demurrer must therefore be overruled with respect to the estate's claim for work loss benefits.

## II

Although the complaint is lacking in clarity, it seems that Cynthia Bulgin is also making a claim in her own right. Apparently, she seeks no-fault benefits as the spouse of a deceased victim, i.e., she claims benefits as a survivor. As the spouse of a deceased victim, one is a survivor for the purposes of the No-fault Act, see 40 P.S. §1009.103, and is entitled to basic loss benefits in accordance with section 201(a) of the act which provides that "any survivor of a deceased victim is entitled to receive basic loss benefits. . . ." 40 P.S. §1009.201(a).

The spouse of a deceased victim is entitled to survivor's loss benefits by the literal terms of the act. See 40 P.S. §1009.202(d) (specifying that survivor's loss shall be provided as a basic loss benefit) and 40 P.S. §1009.103 (defining survivor's loss as,

inter alia, loss of income of a deceased victim which would have been contributed to a survivor). Additionally, a spouse is entitled to receive work loss benefits. See Allstate Insurance Co. v. Heffner, 491 Pa. 447, 421 A. 2d 629 (1980). Thus, as the spouse of a deceased victim, one is entitled to receive both work loss benefits and survivor's loss benefits.

As we did with respect to the estate's claim, we reject any argument that the individual claimant is limited to workmen's compensation by reason of the decision in Wagner v. National Indemnity Co., 492 Pa. 154, 422 A. 2d 1061 (1980). We reiterate that Wagner merely prevents a claimant from recovering no-fault benefits from the deceased victim's employer or the employer's no-fault carrier; it does not create a blanket prohibition from no-fault benefits merely because a claimant may also receive workmen's compensation benefits.

The second prong of our two-prong analysis reveals that the claim is properly made to the Assigned Claims Plan. There is no other basic loss coverage available and the spouse of a deceased victim is not an ineligible claimant. Thus, in accordance with sections 108 and 204(a)(5) of the No-fault Act, the Assigned Claims Plan is required to provide for basic loss coverage. See 40 P.S. §§1009.108 and 1009.204(a)(5).

Despite the fact that we have detailed the reasons why the claimant as the spouse and survivor of an uninsured individual who was killed while operating his employer's vehicle within the scope of his employment would be entitled to recover no-fault benefits from the Assigned Claims Plan, defendant's demurrer must be sustained because of a pleading deficiency. Nowhere is there an averment in the complaint indicating that Cynthia Bulgin is the widow of the deceased victim. The first sentence of plaintiff's brief indicates that the deceased

victim was her husband, but plaintiff's brief is not part of the record. Because the pleading provides no basis for us to conclude that Cynthia Bulgin is the deceased victim's spouse, defendant's demurrer must be sustained with respect to the claim of Cynthia Bulgin in her own right. Plaintiff will be given leave to file an amended complaint to overcome this defect.

## ORDER

And now, September 21, 1981, for the reasons appearing in the opinion filed this date, defendant's preliminary objection in the nature of a demurrer is overruled as it relates to the claim of the administratrix of the estate of Steven Bulgin for work loss benefits. The demurrer is sustained as it relates to the claim of the administratrix for survivor's loss benefits.

Defendant's demurrer is sustained with respect to the claim of Cynthia Bulgin in her own right.

Plaintiff is given 20 days to file an amended complaint.