## Wozniak v. Harleysville Insurance Co.

*Joseph R. Livesey,* for plaintiff.
*William D. March,* for defendant Harleysville Insurance Company.
*Harry J. Bradley,* for defendant Allstate Insurance Company.
*Lawrence Hannaway,* for additional defendant Wozniak.

SEMERARO, *J.,* April 2, 1984 — On January 15, 1981, Michael Wozniak, a truck driver, sustained personal injury when the truck he was operating was involved in a collision with another vehicle. At the time, the truck Plaintiff was operating was owned by his employer, John Wozniak. Plaintiff was acting within the scope of his employment.

Plaintiff filed suit against Defendant Harleysville Insurance Company, the employer's automobile insurance carrier, and Allstate Insurance Company, his automobile insurance carrier, alleging that pursuant to the Pennsylvania No-fault Act, P.L. 489 No. 176 of July, 1974, 40 P.S. §1009.101 et seq., Harleysville or Allstate has an obligation to provide plaintiff with basic loss benefits. John Wozniak was later brought in as additional defendant by defendant Harleysville because of the uncertainty of Workmen's Compensation coverage.

In the present state of this record, Harleysville claims plaintiff's remedy is against his employer under Workmen's Compensation Act of June 2, 1915, P.L. 736, 77 P.S. §1 et seq. and/or against his own

No-fault carrier. Plaintiff's liability carrier, Allstate claims defendant Harleysville is primarily liable.

On January 13, 1983, defendant Harleysville filed a motion for summary judgment alleging that an employee injured in the course of his employment while occupying an employer's vehicle cannot recover from the employer's No-fault carrier. We denied that motion on July 20, 1983.

Subsequently, counsel agreed there is substantial ground for difference of opinion and therefore an immediate appeal from our order may materially advance the ultimate termination of this matter. We agreed and amended our earlier order on September 28, 1983, affirming our order of January 13, 1983 and acknowledging a controlling question of law. That is, whether or not an employer's No-fault motor vehicle insurance carrier is liable for basic loss benefits to an employee injured in the course of employment where the employer did not have Workmen's Compensation insurance at the time of the injury.

It is not clear from the record in its present state whether or not plaintiff's employer, defendant John Wozniak, was covered by Workmen's Compensation insurance at the time in question. Plaintiff claims he was not.

It is clear that where the employer maintains Workmen's Compensation insurance coverage as in the case of Robert J. Augostine v. Pennsylvania National Mutual Casualty Ins. Co., 293 Pa. Super 50, 437 A.2d 985 (1981), and Turner v. Southeastern Pennsylvania Transit Authority, 256 Pa. Super 43, 389 A.2d 591 (1978), plaintiff cannot recover basic loss benefits from his employer's No-fault carrier because the employee's exclusive remedy when injured on the job is under the Act. The Superior Court in Augostine, supra, held that insured, who

was injured while alighting from one of his employer's trucks while in the course of his employment, could not recover from his employer's No-fault carrier, but he could proceed against his own insurer, with Workmen's Compensation benefits to be deducted from recovery.

Under the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., §303 provides:

"The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employee, his legal representatives, husband or wife, parents, dependants, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury of death . . . or occupational disease . . ." As amended, Act of December, 5, 1974, P.L. 782, No. 263, 77 P.S. 481 (a).

The Act further provides, pursuant to section 501:

"When any employer fails to secure the payment of compensation under this act as provided in sections 305 and 305.2, the injured employee or his dependants may proceed either under this Act or in a suit for damages at law as provided by Article II."

Article II outlines that legal principles shall be applicable in a direct action at law by the employee "to recover damages for personal injury to an employee in the course of his employment".

The Act specifically provides for an alternate remedy by action at law in the event the employee is uninsured under Workmen's Compensation. In each event, the employee does not proceed against the liability carrier of his employer (Defendant, John Wozniak) unless and until it is determined that the employer does not enjoy Workmen's Compensation insurance and plaintiff employee suffers

damages in addition to the basic loss benefits to which he is entitled under his own No-fault coverage. For the excess, the employer's No-fault carrier is liable. When the employer does supply Workmen's Compensation coverage then under the Augostine, supra, rationale plaintiff employee proceeds against his own No-fault carrier after deducting Workmen's Compensation payments received.

We, therefore, denied the motion of defendant, Harleysville, for summary judgment, finding that where the employer does not have Workman's Compensation insurance coverage, the employer's No-fault carrier may be subject to liability for plaintiff's damages due to injuries sustained in a work-related vehicular collision.